23CA1472 Peo v Nardello 10-24-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1472
Larimer County District Court No. 09CR1781
Honorable Juan G. Villaseñor, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Andrew Charles Nardello,

Defendant-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE LUM
Freyre and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 24, 2024

---

Philip J. Weiser, Attorney General, John T. Lee, First Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Andrew Charles Nardello, Pro Se

¶ 1    Defendant, Andrew Charles Nardello, appeals the district court's denial of his most recent postconviction motion.  We affirm.

## I.    Background

¶ 2    In 2011, Nardello pleaded guilty to two counts of attempted first degree murder and one count of first degree burglary.  The district court imposed consecutive sentences totaling 108 years in the custody of the Department of Corrections.

¶ 3    Nardello filed a motion to reconsider his sentence under Crim. P. 35(b), which the district court denied.

¶ 4    Nardello's direct appeal was dismissed by a division of this court in 2012.  *People v. Nardello*, (Colo. No. 12CA0196, Oct. 29, 2012) (unpublished order).

¶ 5    From 2013 to 2020, Nardello filed multiple postconviction motions that were all denied by the district court and affirmed on appeal.  *People v. Nardello*, (Colo. App. No. 13CA0815, May 14, 2015) (not published pursuant to C.A.R. 35(f)); *People v. Nardello*, (Colo. App. No. 16CA1031, Sept. 14, 2017) (not published pursuant to C.A.R. 35(e)); *People v. Nardello*, (Colo. App. No. 20CA1349, Nov. 24, 2021) (not published pursuant to C.A.R. 35(e)).

¶ 6        In 2023, Nardello filed the postconviction motion at issue here, requesting a sentence modification under section 18-1.3-406(1)(b), C.R.S. 2024, based on "a 2023 HB1292 rule change effective July 1[,] 2023."

¶ 7        The district court denied the motion because the statutory amendment under HB 23-1292 applied only to offenses committed on or after July 1, 2023.  Therefore, the court found, the amendment did not apply to Nardello's sentence because he committed the offenses in December 2009.

## II.    Discussion

¶ 8        Nardello contends that the district court erred by denying his motion.  Reviewing de novo, *see People v. Cali*, 2020 CO 20, ¶ 14, we disagree.

¶ 9        Nardello arguably reasserts his claim on appeal that the 2023 amendment to section 18-1.3-406 requires modification of his sentence.  The People argue that Nardello abandoned this claim because he did not reassert it on appeal.  However, we need not resolve this because we reject Nardello's claim on the merits.

¶ 10      In doing so, we conclude that the district court did not err by concluding that the 2023 amendment to section 18-1.3-406 under

HB 23-1292 does not apply to Nardello's sentence.  HB 23-1292 added subsection 18-1.3-406(1)(b), which allows a defendant to "petition the court for a modification of the sentences imposed if at least two calendar years but no more than five calendar years after the entry of final judgment of conviction or sentence have passed." *See* Ch. 297, sec. 1, § 18-1.3-406, 2023 Colo. Sess. Laws 1779.

¶ 11    To the extent Nardello argues that subsection (1)(b) applies retroactively, we disagree.  The statutory language expressly limits its application to "offenses committed on or after July 1, 2023." *Id.*; § 18-1.3-406(1)(b).  And when a statute applies only to offenses committed on or after a certain date, we apply the statute only prospectively.  *People v. Stellabotte*, 2018 CO 66, ¶ 29 ("[W]e apply expressly prospective statutes only prospectively.").  Because Nardello committed his offenses in 2009, section 18-1.3-406(1)(b) does not apply to his sentence.

¶ 12    To the extent we understand Nardello's remaining arguments, he asserts, for the first time on appeal, that (1) the district court

has the authority to resentence him under the First Step Act[1]; (2) his sentence violates *Miller v. Alabama*, 567 U.S. 460 (2012); and (3) he is eligible for specialized program placement under section 17-34-101, C.R.S. 2024, as amended by HB 21-1209. We decline to address any such issues because Nardello did not raise them in his postconviction motion to the district court. *See Cali*, ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's pleadings to effectuate the substance, rather than the form, of those pleadings, we will not consider issues not raised before the district court in a motion for postconviction relief.").

## III. Disposition

¶ 13    The order is affirmed.

JUDGE FREYRE and JUDGE GROVE concur.

---

[1] Although Nardello doesn't provide a citation to the First Step Act, we (like the People) assume he is referring to federal First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).